**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHAWN FORSTER,

    Plaintiff,

vs.                                                         CASE NO. 3:13-cv-866-J-32TEM

SMARTSTREAM, INC., a Florida
Corporation and ROBERT
THOMPSON, Individually,

    Defendants.

_____

**O R D E R**

This case is before the Court on *pro se* Defendant Robert Thompson's Motion to Set Aside Default (Doc. #10). The Clerk entered default as to Defendant Robert Thompson on September 19, 2013 (Doc. #9). For the reasons stated herein, the Court finds Defendant Thompson's Motion is due to be **GRANTED.**

Rule 55(c), Federal Rules of Civil Procedure, provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). The Court has discretion in deciding whether to set aside an entry of default. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).

The good cause standard in Rule 55(c) is not rigidly defined and varies from situation to situation. *Compania Interamericana Export–Import, S.A. v. Compania*

*Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Bank of New York v. Brunsman*, 683 F. Supp. 2d 1300, 1302 (M.D. Fla. 2010). The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. *Compania Interamericana*, 88 F.3d at 951. "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* Courts have held that a good faith procedural error is not willful and is good cause for setting aside an entry of default. *See, e.g.*, *In re Johnson*, 1991 WL 11002465, Case Nos. 90–11663, 91–1068 (Bankr. S.D. Ga. Nov. 11, 1991) (finding good cause where counsel for defendant was under an erroneous impression as to when the response time began to run).

Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993), *citing Rasmussen v. W.E. Hutton & Co.*, 152 F.R.D. 231, 233 (N.D. Ga. 1975), *citing McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).[1] "[D]efault judgments should only be entered if exceptional circumstances exist." *Kiera v. United States Postal Service*, 145 Fed. Appx. 637, 638 n.3 (11th Cir. 2005),[2] *citing Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).

---

[1] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] Unpublished opinions may be cited throughout this Order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

In the instant case, Plaintiff filed his Complaint against Defendants Smartstream, Inc. ("Smartstream") and Robert Thompson ("Thompson") on July 19, 2013 (Doc. #1). Plaintiff filed a verified return of service as to Thompson on August 5, 2013 (Doc. #5), and a verified proof of service as to Smartstream on August 26, 2013 (Doc. #7). Plaintiff then filed a Request for Entry of Clerk's Default against Smartstream and Thompson on September 18, 2013 (Doc. #8), and the Clerk entered default as to both Defendants on September 19, 2013 (Doc. #9). On October 3, 2013, Thompson filed an answer with this Court and moved to set aside the default on grounds of unfamiliarity with the Court (Docs. #10, #11). Thompson alleges that he answered Plaintiff's complaint, but mailed his answer to Plaintiff via certified mail rather than filing his answer with the Court. *Id.*

The Court finds good cause to set aside the Clerk's default as to Thompson entered on September 19, 2013.[3] First, there is insufficient evidence that the default was culpable or willful. Less than one month after the Clerk entered default, Thompson moved to set aside the default, alleging unfamiliarity with the Court. Second, there is no evidence that Plaintiff will suffer prejudice. Although Plaintiff has experienced delay because of the default, Plaintiff can now proceed to litigate the case. The Third Circuit has noted that a plaintiff's need to litigate its case on the merits, rather than proceed by default, does not establish prejudice. *See Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc.*, 192 F.R.D. 171, 174 (3d Cir. 2000). The Eleventh Circuit has echoed this same sentiment in dicta. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (*citing Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) for the proposition that

---

[3] The Clerk entered default as to both Smartstream and Thompson as an individual. Thompson, as an individual, moved the Court to set aside the Clerk's default. The Clerk's entry of default will still stand as to Smartstream, regardless of Thompson's claims that the Smartstream corporation has been administratively dissolved (Doc. #11 at 1).

3

"[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case"). Thus, the Court finds that the default against Thompson should be set aside.

Accordingly, having reviewed this case, and upon due consideration, it is hereby

**ORDERED:**

    1. Defendant Robert Thompson's Motion (Doc. #10) be **GRANTED.**

    2. The Clerk is directed to set aside the entry of default as to Defendant Robert Thompson (Doc. #9).

    3. Defendant Robert Thompson's Answer (Doc. #11) will stand in the record.

**DONE AND ORDERED** at Jacksonville, Florida this <u>28th</u> day of October, 2013.

*/s/ Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
    and *pro se* parties, if any